IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:02-CR-0138-D |
| | ) | No. 3:04-CV-2347-D (BH) |
| CARLOS L. CASEY, ID # 28454-177, | ) | ECF |
|     Movant/Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.  BACKGROUND**

**A.  Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B.  Procedural History**

On May 22, 2002, a grand jury indicted movant for possession of a firearm after a prior felony conviction. On July 26, 2002, movant pled guilty to that charge.

Before accepting the plea, the Court examined movant as to its voluntariness. Movant stated that he was twenty-six years old, attended high school through the eleventh grade, and could "read and write just fine." He further stated that his attorney reviewed the indictment with him, and that he understood the charge against him. He averred that no one had made any promise or assurance to him of any kind in an effort to induce him to plead guilty, that his plea was not induced by any

threats or attempts to force him to plead, and that he was voluntarily pleading guilty because he is guilty. He expressed his understanding that by pleading guilty he was waiving his constitutional rights to a jury, to cross-examine the witnesses presented against him, and to testify and present evidence on his own behalf. He affirmatively stated that he understood the statutory maximum sentence for the charged offense was ten years imprisonment, that no one "made any prediction or promise" as to what his sentence would be, and that the Court would determine the sentence in accordance with the federal sentencing guidelines. Further, he understood "that any opinion that [his] attorney has expressed . . . concerning what the guideline range may be, is merely a professional opinion and not a guarantee or a promise," and that no one could predict what his sentence would be prior to preparation of a presentence report. Although he initially expressed some reservations about his appellate rights if the Court imposed a sentence higher than he expected, after conferring with counsel and further explanation from the Court, he indicated that he understood that he was bound by his plea even if the Court imposed a higher than expected sentence. He thereafter entered his plea of guilty.

On October 18, 2002, the Court conducted a sentencing hearing, and on October 21, 2002, it entered judgment upon movant's guilty plea and sentenced him to 100 months imprisonment. Movant filed an appeal, the Fifth Circuit Court of Appeals affirmed his conviction, and the United States Supreme Court denied movant's petition for writ of certiorari.

On November 1, 2004, the Court received the instant *pro se* motion to vacate wherein movant asserts a claim of (1) ineffective assistance of trial counsel during the pre-trial stage and (2) a claim based upon *Blakely v. Washington*, 542 U.S. 296 (2004). With respect to the first claim, movant asserts that his attorney failed to investigate his criminal history before estimating his

sentence – thus causing him to plead guilty and receiving a sentence greater than that his attorney advised he would receive.

In its response to the motion to vacate, the government argues that movant's first claim lacks merit and his second claim is not cognizable on collateral review. In his reply, movant concedes that his *Blakely* claim is not cognizable on habeas review and thus does not entitle him to relief on his motion to vacate. Accordingly, the Court is presented with a single claim of ineffective assistance of counsel which allegedly renders movant's guilty plea involuntary.

## II.  VOLUNTARINESS OF PLEA

Movant specifically challenges the voluntariness of his plea based upon the alleged ineffective assistance of counsel.

"When a defendant pleads guilty he or she . . . forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *accord Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Because a plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S.

3

at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor*, 933 F.2d at 329.

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."[1] *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding

---

[1] Rule 11 has undergone various changes over the years. Fed. R. Civ. P. 11 (West 2006) (showing various amendments including amendments in 1999 and 2002); *United States v. Ruiz*, 536 U.S. 622, 631 (2002) (referring to Rule 11 as the "guilty-plea safeguards"); *United States v. Vonn*, 535 U.S. 55, 62 (2002) (recognizing the evolution of the rule over the past three decades). As it existed when movant pled guilty in January 1998, Rule 11 contained no requirement that the courts inform the defendant of the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence. *See* Fed. R. Crim. P. 11(c) (West 1999).

4

of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).

> When examining the totality of the circumstances, a reviewing court should "consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government."

*United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995) (citations omitted). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

In addition, prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity

and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). However, "an erroneous estimate by counsel as to the length of sentence" is not "necessarily indicative of ineffective assistance." *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). An attorney's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary." *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975), *accord United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987) ("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary"). As noted in *Daniel v. Cockrell*, 283 F.3d 697 (5th Cir. 2002),[2]

> [a] guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands. Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed.

283 F.3d at 703.

---

[2] The Court does not cite *Daniels* for any proposition potentially abrogated in *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004) (abrogating reliance on a "significantly less harsh test" of prejudice for sentencing errors in the § 2255 context), to the extent that any such abrogation occurred. *See* 376 F.3d at 438 n.4 (specifically distinguishing *Daniel* because that case dealt with prejudice in the context of § 2254).

To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Even when an attorney erroneously estimates his client's potential sentence, the defendant must satisfy this requirement. *Stumpf*, 827 F.2d at 1030. Reviewing courts must consider the totality of the evidence before the

7

finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.

In this instance, movant claims that his attorney failed to investigate his criminal history before estimating his sentence – thus causing him to plead guilty and receive a sentence greater than that his attorney advised he would receive.  Evening assuming for purposes of this recommendation that counsel indeed failed to investigate movant's criminal history before estimating his sentence and was therefore deficient, deficient representation alone is insufficient to obtain relief on an ineffective-assistance-of-counsel claim.  *Strickland* requires both a deficiency of counsel and resulting prejudice.

Movant cannot show prejudice in light of his affirmative statements at re-arraignment and the specific admonitions of the Court to him.  Movant was specifically advised that the count to which he was pleading guilty carried a statutory maximum sentence of ten years, and he stated that he understood the available range of punishment.  That movant "neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel."  *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001).

Furthermore, movant represented to the Court during the plea colloquy that no one made him any promises as to what his sentence would be.  Although he submits letters from his attorney to support his claim of ineffective assistance, the letters contain no definitive statement or promise that movant would receive a specific sentence or a sentence within a specific range.  The letters do show an erroneous estimation of the sentence to be imposed under the sentencing guidelines. However, an erroneous estimation of the guidelines does not entitle movant to relief.  *See United*

8

*States v. Cruz-Barcena*, No. 2:03-CR-0044(01), unpub. op. at 4-5 (N.D. Tex. July 21, 2005) (report and recommendation), *adopted by* unpub. order (N.D. Tex. Aug. 10, 2005).[3]

When a movant

adduce[s] no proof that he was promised or assured of a specific sentence, but rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] the record . . . [is] replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose,

the district courts properly deny relief for lack of prejudice. *United States v. Ritter*, 93 Fed. App'x 402, 404-05 (3d Cir. 2004). Given that movant knew that the Court was charged with sentencing him within the statutory range of punishment up to ten years imprisonment, and given his averments that he was not promised a sentence within a specific range of punishment, he has not shown a reasonable probability that but for the alleged miscalculation by counsel, he would not have pleaded guilty and would have insisted on going to trial. *See United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

In conclusion, the Court finds based on the totality of the circumstances that movant voluntarily and knowingly entered a plea of guilty in this case. The Court finds no ineffective assistance of counsel that rendered his plea involuntary. This claim entitles movant to no relief under § 2255.

---

[3] Like *Cruz-Barcena*, this case is distinguishable from *United States v. Herrera*, 412 F.3d 577 (5th Cir. 2005) and *United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004) because those cases "involved allegations that counsel misadvised the defendants of the maximum sentence he faced if he <u>went to trial</u>" and because the "misadvice" in those cases "was not merely an estimation or prediction of sentence but, instead, was a definitive statement as to the maximum exposure each defendant faced <u>at trial</u>." *See Cruz-Barcena*, No. 2:03-CR-0044(01), unpub. op. at 5 n.2. When a case involves a guilty plea, the Court has the opportunity to correct any misinformation regarding sentencing exposure when it conducts the plea colloquy.

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 27th day of June, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE